1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JOSE PEDROZA, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT—CLASS ACTION** |
| REVENUEWIRE, INC. d/b/a SAFECART, a Washington corporation; and PARETOLOGIC, INC., a Canadian corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Jose Pedroza ("Pedroza" or "Plaintiff"), by and through his counsel, brings this complaint against Defendants RevenueWire, Inc. ("RevenueWire") and ParetoLogic, Inc. ("ParetoLogic") (collectively, "Defendants") based on Defendants' practice of wrongfully marketing and representing the utility of ParetoLogic's RegCure computer software.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.      ParetoLogic designs and develops a variety of software products that it claims will improve the performance of a consumer's personal computer ("PC").  At issue in this case is ParetoLogic's RegCure registry cleaner software.

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

2.     RegCure is sold online through several websites.  To consumers in the United States, RegCure is sold primarily by Defendant RevenueWire—an authorized reseller of RegCure software.

3.     According to Defendants, the RegCure software optimizes computer speeds, enhances PC performance, and fixes harmful errors.  Defendants offer free trials of the RegCure software that, when downloaded and installed, purportedly scan the user's PC for errors and other "corrupt files" that "compromis[e] the integrity of your system."

4.     ParetoLogic has designed RegCure so as to detect false positives—fabricated errors and problems.  Thus, regardless of whether errors or other problems are actually present on the consumer's PC, RegCure invariably indicates in a threatening manner that numerous problems exist, most of which cannot be "resolved" without the purchase of the full registered version of RegCure.

5.     Thereafter, ParetoLogic urges the consumer to remit payment to it—or authorized resellers like Defendant RevenueWire—in order to register the full version of RegCure and reap the software's alleged benefits.

6.     Compounding the injury, in some instances RevenueWire assesses additional undisclosed charges against consumers' credit and debit card accounts.  When consumers discover the charges and request a refund, RevenueWire simply refuses to provide the refund or ignores their complaints altogether.

7.     As a result of their wrongful practices described herein, Defendants have injured Plaintiff Pedroza and potentially thousands of other consumers throughout the United States and profited significantly as a result.

## PARTIES

8.     Plaintiff Jose Pedroza is a natural person and citizen of the State of New Jersey.

9.     Defendant ParetoLogic, Inc. is a Canadian corporation, with its headquarters and principal place of business located at 1827 Fort Street, Victoria, British Columbia V8R1J6 Canada.

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

10.     Defendant RevenueWire, Inc. is a corporation organized and existing under the laws of the State of Washington, with its headquarters and principal place of business located in King County at 33530 1st Way South, Suite 102, Federal Way, Washington 98003.

### JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

12.     This Court has personal jurisdiction over Defendant RevenueWire because RevenueWire is headquartered in King County, Washington, conducts business in this state, and the wrongful conduct alleged in this Complaint occurred in, was directed in, and/or emanated from this state.

13.     This Court has personal jurisdiction over Defendant ParetoLogic because ParetoLogic systematically and continuously engages in business activities within this state, including its contractual and business relationships with Defendant RevenueWire, soliciting consumer business and entering into consumer contracts.

14.     Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendant RevenueWire resides in this District and the injuries of which Plaintiff complains arose here. Venue is additionally proper because Defendants transact significant business in this District, including soliciting consumer business and entering into consumer and business transactions.

### FACTS COMMON TO ALL COUNTS

**A.      Defendants' Wrongful Marketing of the RegCure Software**

15.     Defendants advertise and promote the RegCure software across the Internet, through sponsored advertisements found on search engines and other webpages, and on numerous websites owned and operated by Defendants, including www.ParetoLogic.com, www.RegCure.com, and www.SafeCart.com.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

16.      According to the ParetoLogic, "[t]here is a 94% chance that your computer has registry errors hurting its performance," that "[e]rrors and corrupt files in your Windows registry are compromising the integrity of your system," and that symptoms of a "corrupted Windows registry" include "hardware malfunctions" and "system crashes."  ParetoLogic claims that RegCure provides consumers with the means to "[p]rotect [their] investment and ensure maximum PC speed and performance" and that "[w]ith a free scan [using RegCure] you can easily find out what could be crippling your PC's performance."

17.      RegCure is described to perform the following tasks:

- ■      "Enhance your PC";
- ■      "Optimize the speed of your PC and Fix Computer Errors"; and
- ■      "[S]top error messages[.]"

18.      For its part, Defendant RevenueWire markets RegCure on its SafeCart.com website as "[t]he original tool for deep-scanning, repairing, cleaning and re-organizing of your PC's registry."  RevenueWire represents that "[r]unning this software increases the user's PC performance speed by ridding their computer's registry of errors, corrupted entries, and empty DLL files that can cause system errors or even total freezes."

19.      Regardless of the form they took, the representations Defendants made to Plaintiff and the proposed Class and Subclass regarding the utility of the RegCure software were essentially the same:  RegCure would scan the user's PC, accurately report existing errors, and with the purchase of the full version of the software, would repair those errors.

20.      In reality, RegCure cannot actually perform these beneficial tasks, and the actual utility of the software falls far short of those representations.

**B.      RegCure's Free Scan Reports False Errors and Induces Consumers to Purchase the Full Version of the Software to Fix Them**

21.      Defendants offer both a free and paid "full" version of the RegCure software.

**Law Offices of**
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

22.     The free version of RegCure may be downloaded from either Defendants' websites.  Once downloaded and installed, the software directs users to run a diagnostic scan of their PC.

23.     Through his attorneys, Plaintiff has engaged computer forensic experts who have uncovered that, following the free scan—regardless of whether there are, in fact, any credible errors or other computer problems present on the PC—the RegCure software invariably reports that numerous errors exist on the system.

24.     ParetoLogic offers to fix a handful of these errors free of charge, but in order to remove the remaining reported "errors," consumers are required to purchase the full version of the RegCure software.

25.     Plaintiff and each member of the proposed Class downloaded the free version of the RegCure software and ran a scan of their PCs.  Likewise, each was wrongfully presented with alerts regarding numerous errors and problems purportedly found on their computers by the software.  Naturally, these individuals believed, as any ordinary user would, that the errors detected by the free scan correlated to Defendants' representations about the utility of the software, as described above.

26.     Irrespective of the particular errors that RegCure represented existed on their computers, Plaintiff and each member of the Class relied upon those representations and believed that there were significant errors and/or other problems negatively affecting their computers' performance.  In further reliance on those representations, Plaintiff and the other members of the Class and Subclass agreed to purchase the full version of the RegCure software in order to fix the reported errors.

27.     However, because the errors reported by the software were not actual computer problems, Plaintiff and the Class purchased a product with significantly less value than reflected in its purchase price.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

28.     ParetoLogic wrongfully designed the RegCure software so as to report false positives in an effort to induce consumers like Plaintiff and the other members of the Class to remit payment for the purchase of the full version of the software.

29.     In some instances Class members purchased the full version of the RegCure software without first running the free scan.  Nevertheless, the RegCure software still deceived those Class members, inasmuch as it too reported false positives and, as a result, did not fix harmful errors as represented by Defendants.

**C.     RevenueWire's Role in the Deceptive Conduct at Issue**

30.     In addition to actively marketing the RegCure software, RevenueWire acts as an authorized reseller of the software within the United States.

31.     In that role, RevenueWire processed Plaintiff's and the Class and Subclass members' payments for the full version of the RegCure software.

32.     On information and belief, Defendants RevenueWire and ParetoLogic had a direct contractual relationship by which RevenueWire agreed to advertise and promote online, sell, and process payments for the RegCure software in exchange for a portion of the revenue derived from each sale.

33.     As a result, each time consumers agreed to purchase the full version of the RegCure software, they would be directed to a transaction webpage owned and operated by RevenueWire, where they were instructed to input their personal contact and payment information.  After submitting the required information, RevenueWire would complete the transaction and debit funds from the consumer's debit, credit, or PayPal account.  The consumer would then be permitted to download and install the full version of the RegCure software.

34.     The same checkout process occurred whether the consumer agreed to purchase the full version of the RegCure software following a free scan or from one of the Defendants' websites, including www.ParetoLogic.com, www.RegCure.com, and www.SafeCart.com.

35.     RevenueWire knew or had reason to know that ParetoLogic wrongfully designed the RegCure software so as to report false positives and thereby cause unsuspecting consumers,

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1   like Plaintiff and the proposed Class, to purchase the full version of the software to fix the

2   purported errors.

3       36.     With respect to the Subclass, in addition to the charges for the full version of the

4   RegCure software, RevenueWire wrongfully assessed and collected additional, undisclosed

5   charges from the Subclass members' credit, debit, and/or PayPal accounts without the Subclass

6   members' knowledge or consent.

7       37.     When a Subclass member contacted RevenueWire to complain about the

8   additional unauthorized charges and/or to seek a refund of the charges, RevenueWire either

9   refused to provide the requested refund or ignored the Subclass member's complaints altogether.

10      38.     As a result of Defendants' wrongful conduct described herein, Plaintiff and the

11  other members of the Class and Subclass were damaged.

12                      **FACTS RELATING TO PLAINTIFF PEDROZA**

13      39.     In or about March 2009, Plaintiff Pedroza performed an Internet search for

14  software that would enhance the performance of his PC.  After viewing and clicking on an

15  advertisement for RegCure, Plaintiff navigated to one of Defendants' RegCure websites.

16      40.     Once at the website, Plaintiff viewed and relied on Defendant's representations

17  identified above, and he clicked on a link to download the free version of the RegCure registry

18  cleaner software onto his computer.  Plaintiff reasonably believed—as any ordinary user would

19  based on Defendants' representations—that RegCure would accurately scan his computer to

20  identify various errors and other problems negatively affecting its performance.

21      41.     After downloading and installing the free version of the RegCure software,

22  Plaintiff ran the RegCure diagnostic scan.

23      42.     Following the scan, the RegCure software represented that Plaintiff's PC had

24  numerous errors that could not be remedied using the free version of the software.  Instead, it

25  instructed Plaintiff to pay for, download, and register the full version of the RegCure software in

26  order to resolve the problems.  Based on subsequent information from computer forensic experts,

27  the free version of RegCure reported to Plaintiff the presence of numerous false positives.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

43.     Reyling upon those representations, Plaintiff agreed to purchase and register the full version of the RegCure software for the cost of $29.95.

44.     Plaintiff was then directed to RevenueWire's transaction webpage, where he was instructed to input his personal contact and payment information in order to pay for the full version of the software.

45.     At the same time, Plaintiff also agreed to purchase an additional piece of ParetoLogic software known as Privacy Control for $9.95.  In total, Plaintiff agreed to pay Defendants $39.90 in order to gain access to the full version of RegCure and the Privacy Control software.

46.     On March 2, 2009, RevenueWire debited $39.90 from Plaintiff's PayPal account for the software.

47.     Thereafter, Plaintiff downloaded and installed the full version of the RegCure software.

48.     Plaintiff then initiated RegCure's "cleaning" function to fix the errors previously identified by the free version of the software.  Following the "clean," the software represented that all errors and other problems previously identified had been fixed.

49.     As described herein, some, if not all, of the errors purportedly found on Plaintiff's PC did not actually exist and/or were dramatically overstated by the RegCure software.  Thus, the errors did not need to be and, indeed, could not actually be "fixed."

50.     Plaintiff would not have purchased the full version of the RegCure software if not for the software's representations that there were numerous problems with his PC that were in need of immediate remedy and Defendants' representations that the software would accurately detect, report, and repair such errors.

51.     In addition to the charges for the full version of the RegCure software and the Privacy Control software, RevenueWire assessed and collected an additional $39.90 from Plaintiff's PayPal account without his knowledge or consent.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

52.     Thereafter, Plaintiff attempted to contact RevenueWire to complain about the unauthorized charges and to request a refund.  Despite reaching RevenueWire's customer service telephone line, Plaintiff was unable to speak to a RevenueWire representative.

53.     Plaintiff has yet to receive a refund of any of the money RevenueWire charged and collected from him.

## CLASS ALLEGATIONS

54.     **Class Definition:**  Plaintiff brings this action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and a class and subclass of similarly situated individuals, defined as follows:

> **The RegCure Class:**  All individuals and entities in the United States and its territories who paid any amount to purchase ParetoLogic, Inc.'s RegCure software.

> **The Undisclosed Fee Subclass:**  All members of the Class who were charged an additional undisclosed fee by RevenueWire, Inc.

> Excluded from the Class and Subclass are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and those entities'' current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

55.     **Numerosity:**  The exact number of Class and Subclass members is unknown to Plaintiff at this time, but it is clear that individual joinder of each individual member is impracticable.  Defendants have wrongfully profited from thousands of consumers who are in the Class and Subclass.  Ultimately, members of the Class and Subclass will be easily identified from Defendants' records.

56.     **Typicality:**  Plaintiff's claims are typical of the claims of the other members of the Class and Subclass.  Plaintiff and the Class and Subclass sustained damages as a result of

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Defendants' uniform wrongful conduct, based upon the transactions Defendants completed with Plaintiff, the Class, and the Subclass.

57.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass, and has retained counsel competent and experienced in complex litigation and class actions.  Plaintiff has no interests antagonistic to those of the Class and Subclass, and Defendants have no defenses unique to Plaintiff.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and Subclass and have the financial resources to do so.  Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class or Subclass.

58.     **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and Subclass, and predominate over any questions affecting only individual members.  Those questions with respect to the Class include, but are not necessarily limited to:

a)     whether ParetoLogic negligently designed the RegCure software so as to report false positives;

b)     whether ParetoLogic intentionally designed the RegCure software so as to report false positives;

c)     whether the RegCure software actually repairs PC errors and problems or improves PC speed and functionality;

d)     whether Defendants' conduct described herein constitutes fraud in the inducement;

e)     whether Defendants' conduct described herein constitutes conspiracy to commit fraud in the inducement;

f)     whether Defendants' conduct described herein constitutes negligence;

g)     whether Defendants' conduct described herein constitutes a breach of express warranties;

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

h)     whether Defendants' conduct described herein constitutes a breach of implied warranties of merchantability;

i)     whether Defendants' conduct described herein constitutes a breach of contract; and

j)     whether Defendants have been unjustly enriched as a result of their conduct described herein.

With respect to the Subclass, commons questions include, but are not necessarily limited to:

k)     whether Defendant RevenueWire wrongfully charged and collected additional, undisclosed fees from Subclass members credit, debit, and/or PayPal accounts; and

l)     Defendants' conduct described herein constitutes a violation of the Washington Consumer Protection Act, RCW ch. 19.86.

59.    **Superiority:** Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all Class and Subclass members is impracticable.  The damages suffered by the individual members of the Class and Subclass will likely be small relative to the burden and expense of individual prosecution of the litigation necessitated by Defendants' actions.  Thus, on an individual basis, it would be virtually impossible for the members of the Class and Subclass to obtain effective relief from Defendants' misconduct.  Even if members of the Class and Subclass could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decision will be ensured.

Law Offices of
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

60.     **Policies Generally Applicable to the Class and Subclass:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class and Subclass as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass and making final injunctive and/or declaratory relief appropriate with respect to the Class and Subclass as a whole.  Defendants' practices challenged herein apply and affect the members of the Class and Subclass uniformly and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

61.     Plaintiff reserves the right to revise the definitions of the Class and Subclass as necessary based upon information learned in discovery.

## FIRST CAUSE OF ACTION
### Breach of Express Warranties
### (on Behalf of Plaintiff and the Class against Defendants)

62.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

63.     The RegCure software is a "good" within the meaning of the Uniform Commercial Code art. 2, including but not limited to RCW §§ 62A.2-102, .2-105, *et seq*.

64.     Pursuant to U.C.C. art. 2, including but not limited to RCW § 62A.2-313, each of Defendants' sales of the RegCure software was accompanied by an express warranty created by the affirmations of facts and promises described herein and made by Defendants in their online advertising and on their websites that the RegCure software would accurately detect, report, and repair computer errors and problems.

65.     Plaintiff and the Class relied upon those affirmations and promises, inasmuch as they paid for the full version of the RegCure software, and Defendants' affirmations of fact and promises constituted part of the bargain between Defendants and Plaintiff and the Class.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

66.     Defendants breached those express warranties because, in actuality, the RegCure software was wrongfully designed so as to identify false positives to induce consumers to purchase it.  Therefore, contrary to Defendants' representations, the RegCure software purchased by Plaintiff and the Class members did not accurately detect, report, and repair computer errors and problems.

67.     As a proximate result of Defendants' conduct and their resulting breach of express warranties, Plaintiff and the Class have suffered damages.

68.     Defendants have actual or constructive notice of such damages.

69.     Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks an award of damages in an amount to be determined at trial, and all other available relief.

### SECOND CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability
### (on Behalf of Plaintiff and the Class against Defendants)

70.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

71.     The RegCure software is a "good" within the meaning of the Uniform Commercial Code art. 2, including but not limited to RCW §§ 62A.2-102, .2-105, *et seq.*

72.     Pursuant to U.C.C. art. 2, including but not limited to RCW § 62A.2-314, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Goods are considered merchantable if they "are fit for the ordinary purposes for which such goods are used" and "conform to the promises or affirmations of fact made on the container or label if any."

73.     A contractual relationship between Defendants, on the one hand, and Plaintiff and the other members of the Class, on the other, was formed when Defendants offered to sell and Plaintiff and the Class agreed to purchase the full version of the RegCure software.

74.     By selling them the RegCure software, Defendants impliedly represented to Plaintiff and the Class that the software would be fit for accurately detecting, reporting, and

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1   repairing computer errors and problems.  Defendants' marketing materials as well as the

2   statements made within the software itself made similar representations regarding the RegCure

3   software's utility and purpose.

4       75.     Defendants breached the implied warranty of merchantability because RegCure is

5   not fit to and does not accurately detect, report, and repair computer errors and problems.

6   Rather, RegCure was wrongfully designed so as to identify "false positives" (*i.e.*, to report errors

7   and problems that do not exist).

8       76.     Moreover, when consumers attempt to "clean" their PCs using the RegCure

9   software, the software actually does nothing because the reported errors and problems do not

10  exist and/or have been exaggerated and, therefore, cannot be "cleaned" or "fixed."

11      77.     As a proximate result of Defendants' conduct and their resulting breach of the

12  implied warranty of merchantability, Plaintiff and the other members of the Class have suffered

13  damages.

14      78.     Defendants had actual or constructive notice of such damages.

15      79.     Accordingly, Plaintiff, on behalf of himself and the other members of the Class,

16  seeks an award of damages in an amount to be determined at trial, and all other available relief.

### THIRD CAUSE OF ACTION
### Violations of Washington's Consumer Protection Act, RCW ch. 19.86
### (on Behalf of Plaintiff and the Class and Subclass against Defendant RevenueWire)

17
18
19
20      80.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth

21  herein.

22      81.     The Washington Consumer Protect Act ["CPA"] provides that "[u]nfair methods

23  of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce

24  are . . . unlawful."  RCW § 19.86.020.

25      82.     The CPA prohibits (a) an unfair or deceptive act or practice, (b) occurring in trade

26  or commerce, (c) with a public interest impact, (d) that causes injury.

27

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

83.     Defendant RevenueWire, with full knowledge that the RegCure software did not have the ability to accurately detect, report, and repair errors and other problems on a consumer's computer, and that the software would report false positives, actively promoted the software on its website and accepted payments for the full version of the software on behalf of ParetoLogic.

84.     The utility of RegCure was material to Plaintiff's and all Class members' purchase transactions because it directly affects users' choice of, or conduct regarding, whether to purchase the product.

85.     Defendant RevenueWire's acts or practices regarding the utility of the RegCure software has or had the capacity to deceive a substantial portion of the public.  Therefore, such conduct is unfair or deceptive.

86.     With respect to the Subclass, Defendant RevenueWire engages or engaged in additional unfair and deceptive conduct, inasmuch as it wrongfully assessed and collected additional, undisclosed fees from the Subclass members' credit, debit, and/or PayPal accounts without their knowledge or consent.

87.     Defendant RevenueWire's acts or practices in wrongfully assessing and collecting additional, undisclosed fees has or had the capacity to deceive a substantial portion of the public. Therefore this conduct too is unfair or deceptive.

88.     Defendant RevenueWire's unfair and deceptive acts or practices occurred in the conduct of trade or commerce.

89.     Washington has an important interest in regulating the business activities of companies such as RevenueWire that are incorporated and headquartered in this state, regardless of whether the victims reside here or elsewhere.  RevenueWire's unfair or deceptive acts or practices alleged herein were developed in, set in, and/or emanated from Washington state. Washington has an interest in maintaining a business climate that is free from deceptive conduct. RevenueWire, through the unfair or deceptive acts or practices alleged herein, obtained a competitive advantage over other companies incorporated or headquartered in Washington state (or companies that might have decided to move here) that conduct their affairs without such acts

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

or practices.  And, RevenueWire hires employees in Washington who are Washington residents and who are directed by the company to participate in its wrongful acts or practices.

90.     Defendant RevenueWire's unfair or deceptive acts or practices alleged herein have an impact on the public interest because RevenueWire conducted those activities repeatedly, affecting a great many consumers in Washington and across the nation.  The company is likely to continue to impact PC users in this state and across the country who seek software to improve and repair their PCs and who, in turn, make purchases based upon RevenueWire's representations that the RegCure software will accurately detect, report and repair computer errors and other problems.

91.     Defendant RevenueWire's unfair and deceptive conduct caused financial injury to Plaintiff and the other members of the Class in the form of the money RevenueWire charged and collected from them for access to the full version of the RegCure software and, with respect to the Subclass, the additional undisclosed fees RevenueWire charged and collected from them without their knowledge or consent.

92.     Accordingly, Plaintiff, on behalf of himself and the other members of the Class and Subclass, seeks an injunction barring RevenueWire from continuing the unfair or deceptive acts or practices alleged herein, actual damages in an amount to be determined at trial, treble damages, and the costs of suit including reasonable attorneys' fees, pursuant to RCW § 19.86.090.

## FOURTH CAUSE OF ACTION
### Fraud in the Inducement
### (on Behalf of Plaintiff and the Class against Defendants)

93.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

94.     As described herein with particularity, Defendants have disseminated and continue to disseminate marketing and promotional materials related to the RegCure software that they know or should reasonably know are false and misleading.  This conduct includes, but

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

is not limited to, promoting and advertising the RegCure software as being able to accurately detect, report and repair errors and other problems on a consumer's PC.  Defendants actively misstate, misrepresent, and conceal the actual utility of the RegCure software, inasmuch as it has been specifically designed to report false positives and thereby induce consumers—like Plaintiff and the other members of the Class—to remit payment for the full version of the software.

95.     ParetoLogic, in conjunction with RevenueWire, took concrete and intentional steps to conceal the actual utility of its RegCure software.  That is, ParetoLogic intentionally designed the software to report false positives in an effort to induce consumers to purchase the full version of the software to fix the purported errors and problems.

96.     For its part, RevenueWire facilitated the widespread distribution of these misrepresentations through online advertisements and on its own websites.  RevenueWire had knowledge of the deceptive nature of these representations and the RegCure software itself, but nevertheless, still sought to actively sell to and accept payments from Plaintiff and the Class for the software for its own monetary gain.

97.     In furtherance of their fraudulent conduct, Defendants advertised and promoted the RegCure software across the Internet through sponsored advertisements found on search engines and other webpages, and through misrepresentations regarding the utility of the software made on their own webpages.

98.     By committing the acts alleged herein, Defendants have knowingly disseminated untrue and/or misleading statements in order to sell or induce members of the public to purchase the RegCure software.

99.     The utility of a consumer product is a material term of any transaction because it directly affects a consumer's choice of, or conduct regarding, whether to purchase a product. Any deception or fraud related to the actual utility of a consumer product is materially misleading.  Defendants' representations regarding the utility of RegCure, in particular, were materially misleading.

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

100.    The misrepresentation of the utility of a product is likely to mislead a reasonable consumer who is acting reasonably under the circumstances.

101.    Defendants knew or should have known of the falsity of the representations made regarding the utility of the RegCure software.

102.    Defendants intended that the deceptive and fraudulent representations regarding the utility of the RegCure software, as well as the false positives reported by the software itself, would induce consumers to rely thereon and act to remit payment to Defendants for the purchase of the full version of the software.

103.    Lacking the information and technical knowledge of Defendants' RegCure software and sales system, Plaintiff and the Class could not reasonably have known the falsity of Defendants' representations regarding RegCure's utility and price.

104.    Plaintiff and the members of the Class were all charged money for the purchase of the full version of the RegCure software.  Accordingly, Plaintiff and the members of the Class have suffered injury in fact and lost money in justifiable reliance on Defendants' material misrepresentations of fact.

105.    In deceiving Plaintiff and the Class by creating and supporting advertising that fails to clearly and conspicuously disclose the actual utility of the RegCure software, intentionally designing the RegCure software to report false positives, and inducing Plaintiff and the Class to proffer payment information based upon those misrepresentations, ParetoLogic engaged in fraudulent practices designed to mislead and deceive consumers.

106.    Plaintiff and the Class have suffered harm as a proximate result of ParetoLogic's violations of law and wrongful conduct described herein.

107.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks an award of damages in an amount to be determined at trial.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

### FIFTH CAUSE OF ACTION
### Conspiracy to Commit Fraud in the Inducement
### (on Behalf of Plaintiff and the Class against Defendants)

108.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

109.    Defendants acted in concert as business partners to actively promote and misrepresent the utility of the RegCure software and thereby induce Plaintiff and the other members of the Class to remit payment to them for the purchase of the full version of the software.

110.    As a fundamental part of their business relationship, Defendants acted to deceive consumers regarding the actual utility of the RegCure software, thereby inducing Plaintiff and the members of the Class to submit their payment information, through which Defendants charged and collected fees.

111.    Perpetrating the fraudulent activity described herein involved multiple identical representations from Defendants, each one reinforcing the legitimacy of the deceptive offer; therefore, it is imperative for Defendants to work cooperatively and with knowledge of each other's marketing methods.

112.    Defendants took overt acts in furtherance of their conspiracy across the nation, and specifically took overt acts in furtherance within the state of Washington.  As described with particularity herein, Defendants formed contracts with each other and created deceptive marketing, advertisements, websites, and other solicitation materials to drive consumers to the RevenueWire transaction webpage with knowledge that the marketing contained therein was false and misleading, and with the intent that the marketing taken as a whole would be relied on by Plaintiff and the Class.

113.    Any single Defendant, acting alone, would be unable to accomplish the level of deception and fraud accomplished by Defendants acting together.  The combination of their joint fraud results in a highly fabricated offer that reinforces the appearance of legitimacy presented to

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

consumers, thereby increasing the likelihood that a consumer will submit their payment information.  Put simply, ParetoLogic would not have the widespread reach to consumers across a variety of websites and would be unable to charge and collect payments from consumers with the same effectiveness without the direct involvement and assistance of RevenueWire.

114.     Plaintiff and the Class have suffered harm in the form of monetary damages as a proximate result of the conspiracy and violations of law carried out by Defendants.

115.     Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks an award of damages in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**Negligence (in the alternative to the Fourth and Fifth Causes of Action)**
**(on Behalf of Plaintiff and the Class and Subclass against Defendants)**

116.     Plaintiff incorporates by reference allegations 1-92 as if fully set forth herein.

117.     ParetoLogic had a duty to refrain from designing the software so that it accurately detected, reported, and repaired errors and other problems on consumers' PCs, in accordance with ParetoLogic's representations.

118.     Defendant ParetoLogic designed the RegCure software so that it inaccurately detects and reports the existence of errors and other problems on consumers' PCs, and misrepresents the overall health of the computers.

119.     ParetoLogic's breach of this duty proximately caused Plaintiff and the other Class members to purchase a license for the full version of the RegCure software that they otherwise would not have bought or would not have paid as much for, thereby incurring damages.

120.     As described herein, Defendants have disseminated and continue to disseminate marketing materials related to the RegCure software that inaccurately portrays the utility and properties of the software.  Likewise, the software itself inaccurately portrays the overall health of the user's PC and the software's own utility and properties.  This conduct includes, but is not limited to, promoting and advertising the RegCure software as being able to accurately detect, report and repair errors and other problems on a consumer's PC.

- 20 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

121.    Defendants had a duty to refrain from making such representations in connection with the sale of licenses for the full version of the RegCure software.

122.    Defendants' breach of this duty proximately caused Plaintiff and the other Class members to buy a license for the full version of RegCure that they otherwise would not have bought or would not have paid as much for, thereby incurring damages.

123.    Similarly, RevenueWire had a duty to refrain from charging and collecting from Plaintiff's and other Subclass members' debit, credit, or PayPal accounts any amounts in excess of what they authorized.

124.    RevenueWire's breach of this duty proximately caused Plaintiff and the other Subclass members to suffer damages.

125.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class and Subclass, seeks an award of damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### Breach of Contract
### (on Behalf of Plaintiff and the Class against Defendants)

126.    Plaintiff incorporates by reference allegations 1-92 and 116-125 as if fully set forth herein.

127.    Plaintiff and the members of the Class, on the one hand, and Defendants, on the other, entered into valid and enforceable agreements whereby Defendants agreed to sell and Plaintiff and the Class agreed to purchase the full version of the RegCure software that would remove and repair legitimate errors and other problems affecting their PCs.

128.    Defendants expressly and/or impliedly agreed to provide Plaintiff and the Class a product that would remove errors and other problems from their computers.

129.    Defendants further expressly and/or impliedly agreed to carry out their obligations under the agreement in good faith and fair dealing.

130.    Defendants breached their contractual obligations by providing Plaintiff and the Class with an incorrect analysis of the errors and problems existing on their computers and,

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

thereafter, by providing software that did not and could not repair such problems because they were inflated and/or did not actually exist.

131.    Plaintiff and the Class have performed their obligations under the contracts.

132.    As a direct and proximate result of Defendants' breach of their contractual obligations to Plaintiff and the Class, Plaintiff and the Class suffered damages.

133.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks an award of damages in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**

**Unjust Enrichment (in the alternative to the Seventh Cause of Action)**
**(on Behalf of Plaintiff and the Class against Defendants)**

134.    Plaintiff incorporates by reference allegations 1-92 and 116-125 as if fully set forth herein.

135.    If the Court finds Plaintiff's and the Class's contracts with Defendants invalid, non-existent, or unenforceable, Plaintiff and the members of the Class may be left without any adequate remedy at law.

136.    Plaintiff and the Class have conferred a benefit upon Defendants in the form of the money Defendants charged and collected from them for the purchase of the full version of the RegCure software.

137.    Defendants appreciate and/or have knowledge of the benefits conferred upon them by Plaintiff and the Class.

138.    Under principles of equity and good conscience, Defendants should not be permitted to retain the monies belonging to Plaintiff and the Class that they unjustly received as a result of their wrongful conduct.

139.    Plaintiff and the Class have suffered financial loss as a direct result of Defendants' conduct described herein.

140.    Accordingly, Plaintiff, on behalf of himself and the other members of the Class, seeks restitution and disgorgement of all amounts by which Defendants were unjustly enriched.

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

## NINTH CAUSE OF ACTION
### Breach of Contract
### (on Behalf of Plaintiff and the Subclass against Defendant RevenueWire)

141.    Plaintiff incorporates by reference allegations 1-92 and 116-133 as if fully set forth herein.

142.    Plaintiff and the members of the Subclass, on the one hand, and Defendant RevenueWire, on the other, entered into valid and enforceable agreements whereby RevenueWire agreed to sell and Plaintiff and the Subclass agreed to purchase the full version of the RegCure software for a price advertised and disclosed to them by Defendants.

143.    RevenueWire expressly and/or impliedly agreed to provide Plaintiff and the Subclass the RegCure software for the disclosed price and not to charge them any additional or undisclosed fees related thereto.

144.    RevenueWire further expressly and/or impliedly agreed to carry out its obligations under the agreement in good faith and fair dealing.

145.    Plaintiff and the Subclass have performed their obligations under the contracts.

146.    RevenueWire breached its contractual obligations by charging and collecting from Plaintiff and the Subclass additional, undisclosed fees without their knowledge or consent.

147.    As a direct and proximate result of RevenueWire's breach of its contractual relationships with Plaintiff and the Subclass, Plaintiff and the Subclass suffered damages in the form of the additional money RevenueWire collected from their debit, credit, and/or PayPal accounts without their knowledge or consent.

148.    Accordingly, Plaintiff, on behalf of himself and the other members of the Subclass, seeks an award of damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
### Unjust Enrichment (in the alternative to the Ninth Cause of Action)
### (on Behalf of Plaintiff and the Subclass against Defendant RevenueWire)

149.    Plaintiff incorporates by reference allegations 1-92, 116-125, and 134-140 as if fully set forth herein.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

150.    If the Court finds Plaintiff's and the Subclass's contracts with Defendant RevenueWire invalid, non-existent, or unenforceable, Plaintiff and the members of the Subclass may be left without any adequate remedy at law.

151.    Plaintiff and the Subclass have conferred a benefit upon RevenueWire in the form of the additional undisclosed fees RevenueWire charged and collected from their debit, credit, and/or PayPal accounts without their knowledge or consent.

152.    RevenueWire appreciates and/or has knowledge of the benefits conferred by Plaintiff and the Subclass.

153.    Under principles of equity and good conscience, RevenueWire should not be permitted to retain the monies belonging to Plaintiff and the Subclass that it unjustly received as a result of its wrongful conduct.

154.    Plaintiff and the Subclass have suffered financial loss as a direct result of RevenueWire's conduct described herein.

155.    Accordingly, Plaintiff, on behalf of himself and the other members of the Subclass, seeks restitution and disgorgement of all amounts by which RevenueWire was unjustly enriched.

### PRAYER FOR RELIEF

Plaintiff Jose Pedroza, on behalf of himself, the Class and the Subclass, respectfully requests that this Court enter an order:

A.    Certifying this case as a class action on behalf of the Class and Subclass defined above, appointing Plaintiff Jose Pedroza as Class Representative, and appointing his counsel as Class Counsel;

B.    Declaring that RevenueWire's conduct, as set out above, constitutes violations of the Consumer Protection Act, RCW ch. § 19.86;

C.    Declaring that Defendants' conduct, as set out above, constitutes (i) breach of express warranties, (ii) breach of the implied warranty of merchantability, (iii) fraud in the

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1    inducement, (iv) conspiracy to commit fraud in the inducement, (v) [in the alternative to (iii) and

2    (iv)] negligence, (vi) breach of contract, and (vii) [in the alternative to (vi)] unjust enrichment;

3        D.    Awarding damages to Plaintiff, the Class, and the Subclass in an amount to be

4    determined at trial;

5        E.    Awarding treble damages to Plaintiff, the Class, and the Subclass to the extent

6    permissible under RCW § 19.86.090;

7        F.    Awarding restitution to Plaintiff, the Class, and the Subclass in an amount to be

8    determined at trial, and requiring disgorging all amounts by which Defendants were unjustly

9    enriched;

10        G.    Awarding Plaintiff, the Class, and the Subclass their reasonable litigation

11    expenses and attorneys' fees;

12        H.    Awarding Plaintiff, the Class and the Subclass pre- and post-judgment interest, to

13    the extent allowable;

14        I.    Entering injunctive and other equitable relief as is necessary to protect the

15    interests of Plaintiff, the Class, and the Subclass, including, *inter alia*: (i) prohibiting Defendants

16    from engaging in the wrongful acts described herein; and (ii) requiring Defendants to fully

17    disclose the true nature of their software products now and in the future; and

18        J.    Awarding such other and further relief as equity and justice may require.

19                              **DEMAND FOR JURY TRIAL**

20        Plaintiff demands a trial by jury for all issues so triable.

21                              Respectfully submitted,

22    Dated:  February 2, 2012            By:   s/ *Cliff Cantor*

23                                        Cliff Cantor, WSBA # 17893
                                         LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
24                                        627 208th Ave. SE
                                         Sammamish, WA 98074
25                                        Tel:  (425) 868-7813
                                         Fax:  (425) 732-3752
26                                        Email: cliff.cantor@comcast.net

27

COMPLAINT—CLASS ACTION           - 25 -

Jay Edelson*
Rafey S. Balabanian*
Ari J. Scharg*
Benjamin H. Richman*
Chandler R. Givens*
EDELSON MCGUIRE, LLC
350 North LaSalle St., Suite 1300
Chicago, IL 60654
Tel:  (312) 589-6370
Fax:  (312) 589-6378
Email: jedelson@edelson.com
Email: rbalabanian@edelson.com
Email: ascharg@edelson.com
Email: brichman@edelson.com
Email: cgivens@edelson.com

(*Pro hac vice application to be filed.)

Counsel for Plaintiff Jose Pedroza

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752