THE HONORABLE CHIEF JUDGE
MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE PEDROZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REVENUEWIRE, INC. d/b/a SAFECART and PARETOLOGIC, INC.,<br><br>Defendants. | No. 2:12-cv-00183-MJP<br><br>**STIPULATED PROTECTIVE ORDER** |

In order to protect confidential, proprietary, trade secret and private information, the parties to this action, by and through their respective counsel of record, hereby stipulate and agree as follows with respect to the pre-trial disclosure and handling of Confidential Material (as defined below):

1.  This Stipulated Protective Order Regarding Confidential, Trade Secret and Private Information ("Order") shall govern the use of confidential, proprietary, trade secret and private information produced during discovery in the above-entitled action (the "Action"). As used in this Order, the term "party" shall mean all named parties to this action, including any named party later added or joined to this action. As used in this Order, the term "non-party" shall mean any individual, corporation, association, or other natural person or entity other than

STIPULATED PROTECTIVE ORDER - 1
No. 2:12-cv-00183-MJP

a party. The term "document" or "documents" as used herein are intended to be comprehensive and include any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure. For purposes of this Order, the party or non-party designating information, documents, materials or items as "Confidential" bears the burden of establishing the confidentiality of all such information, documents, materials or items.

2. "Confidential Information" is defined for purposes of this Order as the following types of documents and information:

a. Information that constitutes a trade secret in accordance with the Washington Uniform Trade Secrets Act (Revised Code of Washington, Ch. 19.108, *et seq.*) or other equivalent act or statute;

b. Any information, testimony, written response to discovery, document, or thing produced in connection with this litigation that is not in the public domain and that is reasonably and in good faith believed by a person producing such information ("Producing Party") to contain any of the following: any individual's personal information, including personal financial information or other personally sensitive information; non-public information relating to the Producing Party's business relationships; the Producing Party's documents subject to contractual confidentiality provisions including settlement agreements; the Producing Party's non-public financial information, sales figures, marketing plans and forecasts, and future business plans; or the Producing Party's other confidential or proprietary research, development, other non-public information, including, without limitation, internal policies, procedures and corporate decisions.

3. Documents claimed by a Producing Party or producing non-party ("Designating Party") to be or contain Confidential Information shall be so designated by stamping copies of the document produced to a party with one of the following legends: "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" and/or "CONFIDENTIAL." Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. If such designation is not feasible (e.g.

STIPULATED PROTECTIVE ORDER - 2
No. 2:12-cv-00183-MJP

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

126484.0001/5349396.1

in the case of certain electronic documents), then such designation may be made by informing the other parties in writing.

4. The designation of any material as "CONFIDENTIAL" pursuant to this Order shall constitute the verification of counsel for the Producing Party or non-party that the material constitutes Confidential Information as defined in Paragraph 2 of this Order.

5. Documents produced by a Designating Party and as Confidential under this Order (hereinafter "Confidential Material") may be disclosed or made available only to the following persons (hereinafter "Qualified Persons"):

    a. The parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action; excluding putative class members not named as plaintiffs in the putative class litigation unless and until one or more classes have been certified;

    b. Counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsels' law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual, and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

    c. The Court and any person employed or retained by the Court whose duties require access to Confidential Material;

    d. Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

    e. Any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

STIPULATED PROTECTIVE ORDER - 3
No. 2:12-cv-00183-MJP

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

126484.0001/5349396.1

      f.     Actual and/or potential trial or deposition witnesses, where Counsel believes, in good faith, that disclosure is necessary to prepare for and/or elicit the testimony of such witnesses;

      g.     Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

      h.     Employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

      i.     Such other persons as may be designated by written agreement of Counsel or by order of the Court.

6.     Prior to receiving any Confidential Material, each Qualified Person described in paragraph 5(g) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Exhibit A, attached hereto.  Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order.  Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraph 5(g) shall be responsible for retaining the executed originals of all such Confidentiality Agreements.

7.     No Party may file in the public record in this action any Confidential Material without taking appropriate action to insure that the documents receive proper protection from public disclosure, including, for example, (1) filing a redacted document with written permission from the Designating Party; (2) where appropriate (*e.g.,* in relation to discovery and evidentiary motions), submitting the documents solely for an *in camera* review;  (3) seeking a court order secured after appropriate notice to all interested persons; or (4) filing the Confidential Material under seal in compliance with Civil Local Rule CR 5(g).  All papers that refer to or rely upon any such Confidential Material shall designate the particular aspects of the papers that are Confidential.

STIPULATED PROTECTIVE ORDER - 4
No. 2:12-cv-00183-MJP

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

126484.0001/5349396.1

8. If a person receiving Confidential Material learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that person shall request the recipient to return the Confidential Material including all copies thereof, and notify the Designating Party that produced the Confidential Material of the disclosure.

9. Confidential Information or information derived therefrom may be used by the Receiving Party solely for purposes of the Action, including any appeals, and may not be used for any other purpose. However, nothing in this Order shall prohibit disclosure of Confidential Material in response to compulsory process. If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or receives notice of any subpoena or other discovery request seeking Confidential Material, such person shall promptly (not more than three (3) working days after receipt of such process or notice) notify the Designating Party of such process or request, shall take all reasonable steps to refrain from producing Confidential Material in response to such process, and shall afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order.

10. Counsel for any deponent, party or non-party may designate specific portions of deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential. The Court reporter shall separately bind such testimony and exhibits in a transcript bearing the legend "Confidential – Subject To Protective Order" on the cover page. Failure of Counsel to designate testimony or exhibits as Confidential at deposition, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits. Upon receipt of the transcript of the deposition, Counsel shall be entitled to designate specific pages and lines of the transcript or the exhibits as Confidential within 30 (thirty) days after receipt of the transcript. Until Counsel for the deponent, party or non-party designates the transcript or

STIPULATED PROTECTIVE ORDER - 5
No. 2:12-cv-00183-MJP

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

126484.0001/5349396.1

exhibits as Confidential, however, any other party shall be entitled to treat the transcript or exhibits as non-confidential material.

11. No one may attend the portions of depositions or review the transcripts of the portions of any depositions at which Confidential Material is shown or discussed other than those persons designated in Paragraph 5 and outside counsel for any non-party deponent (who shall first be asked to sign a Confidentiality Agreement).

12. A party or other person objecting to designation of any document(s) or material(s) as Confidential Material shall provide written notice of the objection to Counsel for the Designating Party, specifying the document(s) or material(s) that are the subject of the objection. Upon receipt of the written objection, counsel for the Designating Party shall, within thirty (30) days, provide a written response to the objecting party explaining the basis for the designation as Confidential Material; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential without a court order. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection and any response by the Designating Party. If the objecting party or person and the Designating Party are unable to resolve the issue, the Designating Party, within twenty (20) days after serving its written response to the objection notification, may file a motion with the Court to continue the designation of the document(s) or material(s) as "Confidential Material." In deciding such a motion, the Court shall make an independent determination as to whether or not the document(s) or material(s) are Confidential and are entitled to protection under applicable law. If the Designating Party does not file a motion seeking to maintain the "Confidential Designation" within twenty (20) days after serving its written response to the objection to confidentiality, the document(s) or material(s) at issue shall be deemed to be no longer Confidential.

13. If any Confidential Material is inadvertently provided to a discovering party without being marked as Confidential in accordance with this Order, the Producing Party may thereafter designate such materials as Confidential and the initial failure to so mark the material

STIPULATED PROTECTIVE ORDER - 6
No. 2:12-cv-00183-MJP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

126484.0001/5349396.1

shall not alone be deemed a waiver of its confidentiality. Until the material is designated as Confidential by the Designating Party, however, the discovering party shall be entitled to treat the material as non-confidential.

14. If a party inadvertently produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections. In these circumstances, the Producing Party must immediately notify all parties in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information. Within five (5) days of receiving such notification, and in compliance with all applicable ethical and other obligations, all receiving parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof. However, should a receiving party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the receiving party has already reviewed, the receiving party may temporarily retain the document or documents at issue for the sole purpose of contesting the applicability of the privilege asserted. Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, however, the receiving party must return or confirm destruction of all such materials, including copies and/or summaries thereof, unless otherwise ordered by the Court.

15. The parties further agree to maintain the confidentiality of all materials produced by a party that contain Confidential Material, including all abstracts and summaries of such material, pursuant to this Agreement for so long as such materials are in the possession, custody or control of the parties.

16. No party receiving documents or materials designated as "Confidential Material," shall have any obligation to object to the designation at the time the designation is

STIPULATED PROTECTIVE ORDER - 7
No. 2:12-cv-00183-MJP

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

126484.0001/5349396.1

made or at any time thereafter.  No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

17. Nothing contained in this Order shall be a waiver of any objection to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

18. Any party may seek an amendment to this Order to designate as Confidential any documents and information in addition to the categories described in Paragraph 2 before production of any such documents and information.  The parties agree to meet and confer in good faith and attempt to reach agreement on any request by a party to designate such additional categories of Confidential documents or information.  Any agreement to amend this Order must be approved and signed by the Court.

19. The Court may change the terms of this Order on its own motion after notice to the parties and an opportunity to be heard.

ENTRY OF THE FOREGOING ORDER is hereby stipulated to.

Dated this 20th day of August, 2012.

LANE POWELL PC

By  *s/Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA No. 26752
    Email:  paytong@lanepowell.com
By *s/Erin M. Wilson*
    Erin M. Wilson, WSBA No. 42454
    Email:  wilsonem@lanepowell.com
    *Attorneys for Defendants RevenueWire, Inc. and ParetoLogic, Inc.*

Dated: August 20, 2012

By: *s/Clifford A. Cantor*
    Clifford A. Cantor, WSBA No. 17893
    LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
    627 208th Avenue SE
    Sammamish, Washington 98074
    Telephone: (425) 868-7813
    Facsimile: (425) 868-7870
    Email: cliff.cantor@comcast.net

STIPULATED PROTECTIVE ORDER - 8
No. 2:12-cv-00183-MJP

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

126484.0001/5349396.1

Jay Edelson (admitted *pro hac vice*)
Rafey S. Balabanian (admitted *pro hac vice*)
Benjamin H. Richman (admitted *pro hac vice*)
Chandler Givens (admitted *pro hac vice*)
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 264-0351
Email: jedelson@edelson.com
Email: rbalabanian@edelson.com
Email: brichman@edelson.com
Email: cgivens@edelson.com

Counsel for Plaintiff

**ORDER**

Based on the foregoing Stipulation,

IT IS SO ORDERED:

Dated this 7th day of September, 2012.

_____
Marsha J. Pechman
United States District Judge

Presented by:

Lane Powell PC

By: *s/Gwendolyn C. Payton*
   Gwendolyn C. Payton, WSBA No. 26752

Law Offices of Clifford A. Cantor, P.C.

By: *s/Clifford A. Cantor*
   Clifford A. Cantor, WSBA No. 17893

STIPULATED PROTECTIVE ORDER - 9
No. 2:12-cv-00183-MJP

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

126484.0001/5349396.1

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have been designated by [PARTY NAME] as a person who may have access to Confidential Information as that term is defined in the STIPULATED AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND TRADE SECRET INFORMATION ("Order") entered in the matter of *Pedroza v. RevenueWire, Inc. et al.*, Case No. 2:12-cv-00183-MJP (W.D. Wash.).

I certify that I have read and am fully familiar with the terms of the Order. I agree to be bound by the Order and to fully comply with the Order. I consent to the jurisdiction of the United States District Court for the Western District of Washington for the purposes of any action to enforce the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this Confidentiality Agreement was executed on this ____ day of _____, _____ in _____.

Signature: _____

Print Name: _____

STIPULATED PROTECTIVE ORDER - 10
No. 2:12-cv-00183-MJP

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

126484.0001/5349396.1